NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANTONIO VAZQUEZ, | No. 09-72489 |
| Petitioner, | Agency No. A034-672-981 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 16, 2014
Submission Vacated April 11, 2018
Resubmitted September 27, 2021
Pasadena, California

Before: NGUYEN and BENNETT, Circuit Judges, and TIGAR,** District Judge.

Antonio Vazquez, a Mexican citizen, petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from an immigration

judge's ("IJ") order finding him removable and ineligible for cancellation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

removal. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014), and deny Vazquez's petition.

1. The IJ properly found that Vazquez was removable under Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II) as an alien who was convicted of an offense relating to a controlled substance. In 1998, Vazquez was convicted of unlawfully transporting, selling, or offering to transport or sell, cocaine base, a controlled substance, in violation of California Health & Safety Code § 11352(a) ("H&S § 11352(a)").[1]

2. The IJ properly found Vazquez ineligible for cancellation of removal pursuant to INA § 240A(a)(3) because he was convicted of an aggravated felony. "The INA expressly requires individuals seeking relief from lawful removal orders to prove all aspects of their eligibility. That includes proving they do not stand convicted of a disqualifying criminal offense." *Pereida v. Wilkinson*, 141 S. Ct. 754, 758 (2021).

The statute under which Vazquez was convicted, H&S § 11352(a), is divisible between solicitation, which is not an aggravated felony, and sale, which is

---

[1] Vazquez does not challenge the finding that his conviction involved a controlled substance. Instead, he argues that the conviction does not qualify as an *aggravated* felony, but this argument is not relevant to his inadmissibly under INA § 212(a)(2)(A)(i)(II).

an aggravated felony. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1037 (9th Cir. 2017) (en banc). Vazquez concedes that under the modified categorical approach, the IJ may examine certain documents to determine whether he was convicted of solicitation or sale. *Pereida*, 141 S. Ct. at 764-65 (citing *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016), and *Descamps v. United States*, 570 U.S. 254, 263 (2013)). Here, the IJ relied on the transcript of the Probation and Sentence proceedings, during which Vazquez's counsel stated in open court that the nature of Vazquez's offense was a "sale of one rock at a minimal amount, a $20 rock," to conclude that Vazquez was convicted of actual *sale* of cocaine, an aggravated felony rendering him ineligible for cancellation of removal.

Vazquez argues that the IJ's reliance on the Probation and Sentence proceeding transcript was improper and that, without these documents, his conviction record is inconclusive and, therefore, he should prevail. Even if the IJ erred in relying on these documents, Vazquez's argument is foreclosed by *Pereida,* 141 S. Ct. at 762-63, in which the Supreme Court held that an inconclusive conviction record is insufficient to meet the applicant's burden of proof to show eligibility for cancellation of removal relief. As we recently explained, "when the applicant stands convicted under a divisible state criminal statute that includes some offenses that are disqualifying and others that are not, and the record of conviction is ambiguous concerning which category fits the applicant's crime, then

3

the applicant has failed to carry the required burden of proof." *Marinelarena v. Garland*, 6 F.4th 975, 977 (9th Cir. 2021) (citing *Pereida,* 141 S. Ct. at 762-63). Therefore, Vazquez has failed to show that he was not convicted of an aggravated felony.

**PETITION FOR REVIEW DENIED.**